## HENRY VAN HUMMELL, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1350. Promulgated January 22, 1944.

*Morrison Shafroth, Esq.,* for the petitioner.

*Owen W. Swecker, Esq.,* and *Gene W. Reardon, Esq.,* for the respondent.

### OPINION.

MELLOTT, *Judge*: The Commissioner determined a deficiency in petitioner's excess profits tax for the calendar year 1940 in the amount of $9,307.64. The sole issue is whether petitioner is a "personal service corporation" within the purview of section 725, I. R. C., added by section 201 of the Second Revenue Act of 1940.[1]

The facts are found to be as stipulated. The question as stated by respondent upon brief is: Is the petitioner's income to be ascribed primarily to the activities of shareholders owning at least 70 per centum in value of each class of its stock so as to qualify it as a personal service corporation within the purview of section 725 (a)?

Briefly summarizing the facts, petitioner, a Colorado corporation filing its returns on the cash basis with the collector of internal revenue at Denver, Colorado, signified in its return for the calendar year 1940 its desire not to be subject to the excess profits tax, and all of its shareholders returned and paid an income tax on their proportionate shares

---

[1] SEC. 725. PERSONAL SERVICE CORPORATIONS.

(a) DEFINITION.—As used in this subchapter, the term "personal service corporation" means a corporation whose income is to be ascribed primarily to the activities of shareholders who are regularly engaged in the active conduct of the affairs of the corporation and are the owners at all times during the taxable year of at least 70 per centum in value of each class of stock of the corporation, and in which capital is not a material income-producing factor ; but does not include any foreign corporation, nor any corporation 50 per centum or more of whose gross income consists of gains, profits, or income derived from trading as a principal. For the purposes of this subsection, an individual shall be considered as owning, at any time, the stock owned at such time by his spouse or minor child or by any guardian or trustee representing them.

(b) ELECTION AS TO TAXABILITY.—If a personal service corporation signifies, in its return under Chapter 1 for any taxable year, its desire not to be subject to the tax imposed under this subchapter for such taxable year, it shall be exempt from such tax for such year, and the provisions of Supplement S of Chapter 1 shall apply to the shareholders in such corporation who were such shareholders on the last day of such- taxable year of the corporation.

of its total net income as provided in subdivision (b) of section 725, *supra.*

Petitioner, during the taxable year, was engaged in acting as business manager, in all matters pertaining to membership, for the Federal Postal Employees Association, a corporation, and as agent in procuring group insurance for its members. It acted in a somewhat similar capacity for the General American Life Insurance Co. and the Maryland Casualty Co. The business is carried on by mail from petitioner's office in Denver and it has no outside agents, agencies, or subagents. Its employees consist of an accountant, ar advertising manager, secretaries, clerks, typists, cashiers, mailing room employees, etc. Most of them are engaged in opening and receiving mail, taking and transcribing letters, folding and mailing circulars, keeping and checking books, and performing similar duties.

Petitioner's total outstanding stock was 500 shares, owned as follows:

| | | |
|---|---|---|
| Henry Van Hummell | 168 shares | (33.6%) |
| Iona Van Hummell | 166 shares | (33.2%) |
| Virginia V. Rider | 166 shares | (33.2%) |

Henry and Iona are husband and wife and Virginia is their daughter. Her husband is George Rider. Van Hummell is petitioner's president, Virginia its secretary, and Rider its general manager. The salaries paid to them during the taxable year were $30,000, $1,800, and $17,613.89, respectively. Van Hummell and Rider were regularly engaged in the active conduct of petitioner's affairs. Virginia "is secretary and director and advises with the president and general manager on the company's plans and policy, but is not regularly engaged in the actual conduct of the affairs of the corporation." "All of the executive duties of the business are carried on by Van Hummell and said general manager, Rider."

The brief statement of facts is sufficient background for discussion of the question of law. The parties agree that Van Hummell, for the purposes of this case, is the owner of 66.8 per centum in value of petitioner's stock. The issue is whether Rider is to be considered as owning the stock owned by his spouse.

Petitioner relies upon the literal language of the statute, especially the last sentence of subdivision (a)—"For the purpose of this subsection, an individual shall be considered as owning, at any time, the stock owned at such time by his spouse or minor child or by any guardian or trustee representing them,"—and insists that under it Rider must be considered to be a "shareholder * * * regularly engaged in the active conduct of the affairs of the corporation * * *." Respondent cites several cases under earlier revenue acts,[2] refers at

---

[2] Sec. 200, Rev. Act of 1918; sec. 200 (5), Rev. Act of 1921.

some length to the legislative history in connection with section 725,[3] and concludes that lack of "actual ownership" by Rider of at least one share of petitioner's stock precludes it from classification as a personal service corporation since its income was "ascribed primarily" to his and Van Hummell's activities.

It is true, as respondent points out, that the courts and the Board of Tax Appeals consistently held under the earlier acts that actual ownership of stock as well as active participation in the conduct of the business of the corporation was necessary in order for a corporation to qualify as a personal service corporation. A few of the cases applying such rule are shown in the margin.[4] The language of the earlier acts—"activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation"—compelled that conclusion. Cf. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46. It may also be assumed for present purposes that there is slight difference between the language of the earlier acts and the first sentence of the present one, that the Congress was aware of the interpretation which had been placed upon the earlier acts, and that it assumed the same interpretation would be placed upon the new one. This, in our judgment, however, does not aid the respondent nor support his present contention that the stock owned by Rider's wife is not to be considered as owned by Rider for the purpose of determining whether Van Hummell and Rider owned the required per centum of petitioner's stock. On the contrary it indicates that the Congress deliberately intended that the rule which had been applied, e. g., in such cases as the *Boyd Tax Service Corporation*, *supra*, should not be applied under the new act. In that case Boyd owned one share of the corporation's stock and his wife owned the other 29. It was pointed out that since "the relationship of husband and wife gives neither * * * any legal control over property that belongs exclusively to the other" the claim for classification as a personal holding company could not be allowed under a showing that the income was ascribed primarily to the activities of the husband. Under the present act, however, classification as a personal service corporation would be allowed.

It is thus apparent, and inferentially respondent concedes as much, that if Rider owned at least one share of petitioner's stock and the facts were in other respects the same as those now before us the claimed classification would be allowed. Before considering in more detail the legislative history relied upon by respondent it may not be

---

[3] H. R. 2894, 76th Cong., 3d sess.; S. R. 2114, 76th Cong., 3d sess.; Conference Report, H. R. 3002, 76th Cong., 3d sess.

[4] *Boyd Tax Service Corporation*, 1 B. T. A. 346, *Hanley-Ried & Co.*, 2 B. T. A. 315; *Filler, Wilson & McClelland*, 20 B. T. A. 410, and cases therein cited; *Bowring & Co.* v. *United States* (Ct. of Cls.), 50 Fed. (2d) 472; *Meinrath Brokerage Co.* v. *Commissioner*, 35 Fed. (2d) 614; certiorari denied, 281 U. S. 738, affirming 12 B. T. A. 113.

inappropriate to examine some of his rulings and interpretations under somewhat similar language contained in other acts.

Section 503, I. R. C., provides that, for the purpose of determining whether a corporation is a personal holding company, stock owned, directly or indirectly, by or for a corporation, partnership, estate, or trust is to be considered as owned proportionately by its shareholders, partners or beneficiaries, and an individual is to be considered as owning the stock owned, directly or indirectly, by or for his family. Under section 19.503 (a)-6 of Regulations 103, in example 1, A is held to be the constructive owner of the stock of P corporation because his wife A W owns all of the stock of M corporation which owns all the stock of O corporation, which owns all of the stock of P corporation. See also example 1 in article 333 (a)-5, dealing with foreign personal holding companies. Section 24 (b) (2), I. R. C., denies deduction for losses resulting from sales or exchanges of property between an individual and a corporation, more than 50 per centum in value of the stock of which is owned, directly or indirectly, by or for such individual. Under subdivision (B) an individual is to be considered as owning the stock owned directly or indirectly by his family. In section 19.24–5 (c) of Regulations 103 it is stated that "an individual need not own any stock of a corporation, either directly or indirectly, in order to be considered as constructively owning the stock of such corporation which is owned, directly or indirectly, by or for any member of his family." A similar provision was contained in article 24–5 (c) of Regulations 101, promulgated under the Revenue Act of 1938.

The regulations under section 725, *supra* (Secs. 30. 725–1 and 2, Regulations 109), follow the language of the statute quite closely and provide, *inter alia:*

Shareholders regularly engaged in the active conduct of the affairs of the corporation and to whom the income of the corporation is primarily to be ascribed must own at all times during the taxable year at least 70 percent in value of each class of stock of the corporation. If stock is owned by the spouse or minor child of an individual, or owned by the guardian or trustee of such spouse or child, such stock is treated as being owned by such individual.

This appears to be a correct interpretation of the statute.

Returning to the legislative history, respondent attempts to spell out of the portion of the report of the Committee on Ways and Means (H. R. 2894) set out in the margin [5] a requirement that at least one share of stock be owned by Rider. This seems to be premised upon the fact

---

[5] * * * A personal-service corporation is defined as a corporation whose income is to be ascribed primarily to the activities of shareholders who are regularly engaged in the active conduct of the affairs of the corporation and are the owners at all times during the taxable year of at least 80 percent in value of all the stock of the corporation and in which capital is not a material income-producing factor. For this purpose an individual is con-

that the report states "shareholders, who are regularly engaged in the active conduct of the affairs of the corporation may be counted," his argument being that the Congress did not mean to imply that the classification should be given when the services are rendered by individuals "who are considered as owning shares owned by their spouses." We can not so interpret the language used by the Committee, especially since the bill being reported by it contained the positive statement that "For the purposes of this subsection an individual shall be considered as owning * * * the stock owned * * * by his spouse * * *." Moreover the construction which had been placed by the department upon similar language in the other acts was presumably known and it is not unreasonable to suppose that the Congress intended it should be given the same interpretation. Cf. *Helvering* v. *William Flaccus Oak Leather Co.*, 313 U. S. 247; *White* v. *Winchester Country Club*, 315 U. S. 32; *Helvering* v. *City Bank Farmer's Trust Co.*, 296 U. S. 85; *United States* v. *American Trucking Assns., Inc.*, 310 U. S. 534; *Fides* v. *Commissioner*, 137 Fed. (2d) 731. But see *Helvering* v. *Hallock et al., Trustees*, 309 U. S. 106 and *Helvering* v. *Clifford*, 309 U. S. 331. However that may be the language seems to be so positive and unambiguous as to give us no alternative but to apply it precisely as written.

Other excerpts from committee reports, cited and quoted by the respondent upon brief, have been examined; but we are not convinced the Congress ever intended that the act should be given a construction, the effect of which would be to hold that a husband and wife may be the owners of the shares of stock of a corporation and yet not be its shareholders. Cf. *Barbour* v. *Thomas*, 86 Fed. (2d) 510; *Metropolitan Holding Co.* v. *Snyder*, 79 Fed. (2d) 263. Moreover such a construction, if carried into Titles I, II, and III of the Revenue Act of 1937 as consistency would seem to dictate, would cause administrative difficulty and confusion and materially affect their efficacy in "closing loopholes"—the purpose for which they were enacted.

We think that Rider, for present purposes, should be considered a shareholder of petitioner corporation. Inasmuch as the other conditions imposed by the statute appear to exist, it is held that petitioner is entitled to classification as a personal service corporation. It follows that the deficiency must be set aside.

*Decision will be entered for the petitioner.*

sidered as owning at any time the stock owned at such time by his spouse or minor child. Thus all the shareholders, who are regularly engaged in the active conduct of the affairs of the corporation may be counted in determining whether such a corporation may be classified as a personal-service corporation, instead of merely the principal shareholders. Moreover, to determine whether such shareholders own at least 80 percent in value of the stock of the corporation, the stock owned by their spouses or minor children may be included. * * * [Report of Committee on Ways and Means of the Second Revenue Bill of 1940, Sixty-Sixth Congress, Third Session, page 11, Report No. 2894.]